UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-CR-0089 (RHK/LIB) |
| v. | **REPORT & RECOMMENDATION** |
| JERILEE JANE HEAD, | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Defendant's Motion to Dismiss for lack of jurisdiction.  A hearing was held on April 12, 2011, at which time the Defendant appeared personally, and by her attorney, Richard W. Curott, and the Government appeared by Clifford B. Wardlaw, Assistant United States Attorney. For reasons which follow, the Court recommends that the Motion be DENIED.

**I.   BACKGROUND**

The Government charged the Defendant, who is an Indian, with one count of acting as an Accessory After the Fact on the Red Lake Indian Reservation.  According to the Indictment, the Defendant knew that her boyfriend, Donald Leigh Clark, Jr., committed an offense against the United States[1] and that he received comfort and assistance from her in order to hinder and prevent his apprehension, trial and punishment in violation of 18 U.S.C. § 3.

The Defendant has already been charged and convicted of Aiding an Offender in violation of the Red Lake Tribal Code 506.04 in connection with the same incident upon which the indictment is based.

---

[1] The Indictment asserts that Donald Leigh Clark, Jr. committed murder in the first degree, murder in the second degree, assault with intent to commit murder and assault with a dangerous weapon.

1

The Defendant asserts that this Court lacks jurisdiction because the Defendant did not commit a crime enumerated under the Major Crimes Act or a crime otherwise subject to federal jurisdiction. Additionally, the Defendant contends that because she has already been punished by the Red Lake Tribe, the Federal Enclave Act, 18 U.S.C. 1152, forecloses jurisdiction. The Court considers both arguments below.

## II. DISCUSSION

### A. MAJOR CRIMES ACT AND CRIMES OF GENERAL APPLICATION

Defendant first argues that this Court lacks jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153[2], because that Act does not enumerate accessory after the fact as a crime and is not a crime of general application

The Major Crimes Act allows federal prosecution of certain enumerated crimes including those committed by an Indian against another Indian. United States v. Wadena, 152 F.3d 831, 840 (8th Cir. 1998). In addition, general laws of the United States can be prosecuted in federal court because they were made applicable to Indian Country through the Indian Country Crimes Act, 18 U.S.C. § 1152. Id. Federal laws of general application including "those in which the situs of the crime is not an element-apply in Indian Country, even to offenses committed by an

---

[2] The pertinent provisions of the state:

    **(a)** Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

    **(b)** Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153.

Indian against the person or property of another Indian." United States v. Yankton, 168 F.3d 1096, 1097-98 (8th Cir. 1999).

The crime at issue in the present case, acting as an accessory after the fact, does not fall under the Major Crimes Act. Instead, according to the Government, federal jurisdiction exists because accessory after the fact, 18 U.S.C. § 3, is a crime of general application because the elements of accessory after the fact do not include the situs of the crime. However, the Defendant responds that accessory after the fact in this case is not a crime of general application since the underlying crime for which the Defendant purportedly assisted Donald Leigh Clark, Jr. in escaping apprehension and prosecution, in this case murder or assault, requires a showing that the crime took place in Indian Country under the Major Crimes Act.

As the Court stated in its separate discovery order, the crime for which the Defendant is charged, 18 U.S.C. § 3, requires the Government to demonstrate that (1) Mr. Clark committed the offense of murder in the first degree, murder in the second degree and/or assault with a dangerous weapon, 18 U.S.C. §§ 1111, 113(a)(1), 113(a)(3), 113(a)(6); (2) the Defendant knew that Mr. Clark committed the offense of murder in the first degree, murder in the second degree and/or assault with a dangerous weapon, 18 U.S.C. §§ 1111, 113(a)(1), 113(a)(3), 113(a)(6); and (3) after Mr. Clark committed the crime, the Defendant helped him, in order to prevent his arrest, trial or punishment. United States v. Guel, 184 F.3d 918, 921 (8th Cir. 1999); United States v. Bissonette, 586 F.2d 73, 76 (8th Cir. 1978); 5.05 Accessory After the Fact, Manual of Model Criminal Jury Instructions for the Eighth Circuit (2007).

However, the fact that the Government must demonstrate that Donald Leigh Clark, Jr. committed the offenses enumerated in his separate indictment does not mean that the elements of the underlying offense giving rise to accessory after the fact liability become jurisdictional

elements of accessory after the fact liability under 18 U.S.C. § 3.  In fact, in United States v. Yankton, the Eighth Circuit held that accessory after the fact under 18 U.S.C. § 3 constitutes a crime of general application.  168 F.3d 1096, 1098 (8th Cir. 1999).  There, the Defendant was charged with being an accessory after the fact for driving a truck stolen by someone else until it ran out of gas and the Defendant there pushed it into a ravine.  Id. at 1097.  The Defendant challenged the Court's jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153 and the Indian Country Crimes Act, 18 U.S.C. § 1152.  Id.  Ultimately, the Court found it possessed jurisdiction because the location of the crime was not an essential element of the offense of being an accessory after the fact.  Id.  (citing Wadena, 152 F.3d at 841-42).

Here, the Defendant is charged with the same crime as the Defendant in Yankton, acting as an accessory after the fact, which is a crime of general application.  By arguing that because the underlying crime requires a showing of situs this showing also becomes an essential element of acting as an accessory after the fact, the Defendant confuses an element of proof with the requirements for a showing of jurisdiction.  The Court acknowledges that in the present case the Government will have to demonstrate that Donald Leigh Clark, Jr. committed the underlying offenses for which he is indicted, but this is an element of proof rather than an essential basis required for jurisdiction under 18 U.S.C. § 3.  Instead of looking to the elements of the underlying offense, the Court must look at the essential elements of 18 U.S.C. § 3 to see whether thpse elements require a showing of the situs of the crime.  As held in Yankton, supra, section 3 does not require any such showing.  Therefore, 18 U.S.C. § 3 constitutes a crime of general application making this Court's jurisdiction proper.[3]

---

[3] The Defendant relies heavily on United States v. Narcia, 776 F.Supp. 491 (D. Ariz. 1991) in support of dismissal for lack of jurisdiction.  The Court finds this reliance misplaced for two reasons.  First, Yankton, because it was decided by the Eighth Circuit is given more weight by this Court than a district court case from Arizona.  Second, Narcia held that the defendants could not be charged with attempted robbery under § 1153 because no general

B.   **FEDERAL ENCLAVES ACT**

Defendant's second argument asserts that this Court lacks jurisdiction because the Defendant has already been convicted by the Red Lake Tribal Court. Therefore, according to the Defendant, the Federal Enclaves Act, 18 U.S.C. § 1152, prevents her subsequent prosecution in federal court.

The Federal Enclaves Act reads,

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
>
> This section <u>shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe</u>, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

18 U.S.C. § 1152 (emphasis added). According to the Defendant, this law prevents the Court from exercising jurisdiction over crimes committed by one Indian against another Indian or an Indian who has already been punished by the local law of the tribe.

The Defendant's position conflicts with the law of the Eighth Circuit. The Eighth Circuit has interpreted 18 U.S.C. § 1152 and its exceptions to apply only to federal laws where the situs of the crime is an element of the offense and does not affect the application of federal criminal laws of general application to Indian reservations. <u>United States v. Blue</u>, 722 F.2d 383, 385 (8th Cir. 1983). As the Court stated in <u>Blue</u>,

> The first paragraph of the section extends to Indian country the general laws of the United States that make criminal certain acts committed within the sole and exclusive jurisdiction of the United States. The section refers only to those laws where the situs of

---

federal statute criminalized an attempt instead of relying on the fact that the crime was not listed in § 1153. <u>United States v. Begay</u>, 42 F.3d 486, 502 (9th Cir. 1994). Here, in contrast, accessory after the fact is listed as a general federal crime in 18 U.S.C. § 3.

5

the offense is an element of the crime. The second paragraph exempts from the purview of the laws referred to in paragraph one Indians who offend the person or property of another Indian. The exemption does not encompass the laws of the United States that make actions criminal wherever committed. . . 18 U.S.C. § 1152 is not a predicate for general federal criminal jurisdiction in Indian country. Rather the scope of section 1152 is limited to the applicability or nonapplicability of federal enclave laws, those laws passed by the federal government in the exercise of its police powers over federal property and now defined in the United States Code in terms of "special maritime and territorial jurisdiction of the United States."

Id.

The Sixth Circuit interprets § 1152 the same as the Eighth Circuit and applied the same reasoning in United States v. Yannott, 42 F.3d 999 (6th Cir. 1994). There, the Defendant was charged with violating 18 U.S.C. § 922(g), possession of a firearm by a convicted felon, and 26 U.S.C. § 5861(d), possession of an unregistered firearm. Id. at 1004. Both statutes were federal laws of general applicability criminalizing behavior regardless of where it was committed. Id. Since the situs of the crime was not an element of either of the crimes, the Court refused to find that it was deprived of jurisdiction because the Defendant had already been punished for the same offense by the tribal court. Id.; see also Wadena, 152 F.3d at 841 (finding that the Indian against Indian exception found in 18 U.S.C. § 1152 does not apply to federal criminal laws of general applicability).

In the instant case, like in Yannott, the Defendant was charged with a crime of general applicability, acting as an accessory after the fact. As such, contrary to the Defendant's assertions, case law shows that the exceptions set forth in 18 U.S.C. § 1152 do not apply. For the above reasons, the Court recommends that Defendant's motion to dismiss for lack of jurisdiction be denied.

### III. CONCLUSION

1. Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 24] be **DENIED**.

Dated: April 22, 2011                                    s/Leo I. Brisbois
                                                         LEO I. BRISBOIS
                                                         United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 6, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.